IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No. 26-cv-04277-SKC

RAGEH GERGES SOMIL MAKIN,

Petitioner,

v.

JUAN BALTAZAR, Warden,
GEORGE VALDEZ,
MARKWAYNE MULLIN,
DAVID J. VENTURELLA, and
ATTORNEY GENERAL,

Respondents.

---

**ORDER**

---

Before the Court is Petitioner's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Petition). Dkt. 1. The Court ordered Respondents to show cause why the Petition should not be granted. Dkt. 5. On September 28, 2026, Respondents submitted a response to the Order to Show Cause, stating that they are not filing a brief in opposition to the Petition. Dkt. 8 at 1-2. For the reasons shared below, the Court GRANTS IN PART and DENIES IN PART the Petition.

Petitioner is confined at an immigration detention facility in Aurora, Colorado. Dkt. 1. He is a native and citizen of Egypt. *Id*. Petitioner alleges he was apprehended while arriving at the border on or about October 16, 2024, and that he has remained

at the Aurora detention facility ever since—more than twenty-two months. Dkt. 1-1 at 2. Petitioner is the subject of ongoing removal proceedings. He explains that an immigration judge granted withholding of removal, but DHS has appealed the ruling and the appeal remains pending. *Id.* Petitioner maintains he has been detained for over 11 months since withholding of removal was granted, but he has not been given a bond hearing or custody review. *Id.* at 2-3, 7. He raises two claims, titled as follows: (1) "Prolonged and Indefinite Detention in violation of the Petitioner's Fifth Amendment Right to Due Process," and (2) "The petitioner claim that his detention is now unlawful as it continuation without a bond hearing is in violation of his right to both Substantive due process and Procedural due process." *Id.* at 6-11 (no alterations made). As relief, Petitioner asks the court to order his immediate release from all forms of custody, or alternatively to order an individualized bond hearing at which the government bears the burden of justifying continued detention, and to enjoin Respondents from re-arresting him absent a documented material change in circumstances. *Id.* at 11.

Respondents do not address the merits of Petitioner's claims. *See* Dkt. 8 at 1-2 ("For purposes of this specific case, Respondents are not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case."). Furthermore, "Respondents recognize that the Court may then decide to grant the Petition and award appropriate relief." *Id.* Citing the recent decision of the United States Court of Appeals for the Tenth Circuit in *Santillan Quiroz v. Mullin*, 180

F.4th 1226 (10th Cir. 2026), Respondents state, "the appropriate relief would be an Order directing that Respondents, within seven days of this Court's Order, provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a), or else release Petitioner." *Id.* at 2.

Because Respondents do not contest Petitioner's claim that he is entitled to an individualized bond hearing under 8 U.S.C. § 1226(a), the Petition will be granted in part. However, the Court agrees with Respondents that, because Petitioner may properly be subject to detention under § 1226(a), the appropriate relief is an order directing the Government to either provide a bond hearing within seven days or release Petitioner. *See Santillan Quiroz*, 180 F.4th at 1251 n.13 (directing the district court to "order the Government to, within seven days of such order, either provide [the petitioner] with a bond hearing or else release him"). Thus, to the extent Petitioner requests immediate release, the request is denied at this time.

For these reasons, Petitioner's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Dkt. 1) is **GRANTED IN PART**, **DENIED IN PART**, and the Court **ORDERS** as follows:

1. Respondents are **ORDERED** to provide Petitioner a bond hearing within seven days from the date of this order. At the bond hearing, the Government shall bear the burden of proving risk of flight by a preponderance of the evidence and dangerousness to any other person or to the community by clear and convincing evidence. *Guevara Garcia v. Bondi*, No. 26-cv-01012-

SKC, 2026 WL 835766, at *4 (D. Colo. Mar. 26, 2026). If Respondents do not provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) as required herein, Petitioner must be immediately released from detention;

2. Respondents **SHALL FILE** a status report within **THREE DAYS** after Petitioner's bond hearing or release concerning (1) the results of any bond hearing that was conducted or, if no hearing was held, the date Petitioner was released from custody; and (2) whether any additional proceedings in this matter are required; and
3. Petitioner's Motion for Temporary Restraining Order (Dkt. 2) is **DENIED AS MOOT**.

DATED October 6, 2026.

BY THE COURT:

S. Kato Crews
United States District Judge